**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY W. RIZO,<br><br>        Plaintiff,<br><br>    v.<br><br>THE LITIGATION PRACTICE GROUP, PC,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT, 15 U.S.C. §1679 ET SEQ.;**<br><br>**2. VIOLATION OF THE CALIFORNIA CREDIT SERVICES ORGANIZATIONS ACT OF 1984, CAL. CIV. CODE §1789.10 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes JOHNNY W. RIZO ("Plaintiff"), by and through the undersigned, complaining as to the conduct of THE LITIGATION PRACTICE GROUP, PC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.* the California Credit

Services Organizations Act of 1984 ("CCSOA") pursuant to Cal. Civ. Code §1789.10 *et seq.* for Defendant's unlawful conduct.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Eastern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of California.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. § 153(39), over 18 years of age, residing in Stockton, California, which lies within the Eastern District of California.

5. Defendant is a credit repair organization, debt settlement provider, and law corporation that offers its customers the ability to eliminate and resolve their debt issues through Defendant's myriad services, including assisting consumers with resolving debts that would otherwise be unresolved, as well as through disputing information appearing on consumer's credit reports so that such information could be removed and in turn improve consumer's credit scores. Defendant is a professional

corporation organized under the laws of the state of California with its principal place of business located at 17542 17th Street, Suite 100, Tustin, California.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. In approximately 2020, Plaintiff was seeking to improve his credit and to take care of some obligations that were causing him financial difficulty.

9. Plaintiff subsequently happened upon an advertisement offered by Defendant, located on social media, which offered consumers the ability to improve their credit through certain services.

10. Upon speaking with Plaintiff, Defendant advised that its services included disputing information that was appearing on, and negatively impacting, Plaintiff's credit reports, and through such efforts, Defendant would get the debts rendered uncollectable, in turn removing any obligation for Plaintiff to make payment on such debts.

11. Defendant explicitly represented that its services would improve Plaintiff's credit history, score, and rating, as Defendant advised that through the disputes, Plaintiff's credit report would improve by having negative information removed from his credit report.

12. Defendant further advised that because Plaintiff would not have pay these debts, his credit score would improve.

13. Plaintiff was explicitly informed by one of Defendant's representatives that "My team and I will be working with you over these next months to invalidate your debts with the creditors and collection agencies and to **restore your credit**." (emphasis added).

14. Defendant affirmatively represented that this information would be removed from Plaintiff's credit reports promptly upon signing up with Defendant's services

15. Plaintiff found Defendant's services desirable as he believed Defendant would be able to get certain information removed from his credit report and would actively resolve his obligations, and so Plaintiff agreed to utilize Defendant's services and entered into a contract for the provision of the same.

16. Plaintiff subsequently began making his monthly payments to Defendant, which totaled $130.00 per month.

17. Defendant inappropriately charged Plaintiff for its services before performing any of the services it agreed to perform for Plaintiff.

18. After months of making payments, Plaintiff saw no improvement to his credit score despite Defendant's representations to the contrary.

19. Plaintiff would speak with Defendant about what it was doing and looking for updates, and Defendant persistently strung Plaintiff along assuring him that it was working on it and that its services would ultimately work.

4

20. Due to Defendant's failure to deliver any of the services it represented it would perform, Plaintiff cancelled his services with Defendant.

21. Despite Plaintiff cancelling his agreement and Defendant failing to provide any of the services for which it was paid, Defendant failed to refund Plaintiff's payments for services Defendant failed to perform.

22. Frustrated and distressed over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm, denial of the benefit of his bargain, making payments for deficient credit repair services, relying upon Defendant's representations to his detriment, being subjected to improper fees, as well as a violation of his state and federally protected interests – interests which were harmed and put at a material risk of harm as a result of Defendant's conduct.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

26. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or

other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

27. Defendant is a credit repair organization as it explicitly holds its services out as offering consumers the ability to

### a. Violations of CROA § 1679b(a)

28. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

29. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it would provide Plaintiff. Defendant affirmatively represented the efficacy of its services, yet failed to provide the represented results in the manner represented. Defendant said the issues would be resolved promptly, yet no action or results were delivered despite Plaintiff's maintenance of payments for months. Defendant's conduct harmed Plaintiff as he agreed to use Defendant's services and continue

making payments under the false belief that the debts would be removed from his credit report and would no longer be collectable, yet Defendant failed to deliver the services inducing Plaintiff's payments.

30. Defendant further violated the above referenced provisions of the CROA through the generally deceptive and fraudulent nature of its business practices. Defendant represented to Plaintiff, and represents to consumers, that its debt validation services would be effective at getting the debts rendered uncollectable. However, Defendant fails to sufficiently explain the unlikelihood with which, through disputes alone, debts would be rendered noncollectable or that a consumer's obligation would otherwise be extinguished. Upon information and belief, Defendant offers its debt validation program for the purpose of inducing consumers into using Defendant's services, despite Defendant knowing them to be ineffective, so that Defendant can subsequently provide additional services, and charge further sums, for subsequent services.

### b. Violations of CROA § 1679b(b)

31. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

32. Defendant violated § 1679b(b) through its charging and receiving of money for services it agreed to perform for Plaintiff before such services were fully

performed. Defendant charged Plaintiff up-front fees and monthly fees unrelated to any services Defendant fully performed.

### c.  Violation of CROA § 1679c

33. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

34. Defendant violated 15 U.S.C. § 1679c through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

### d.  Violation of CROA §§ 1679d & 1679e

35. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. §

1679e further outlines the extent of a consumer's cancellation rights under the CROA, while requiring such disclosure to be given to consumers in writing and separate from the contrat.

36. Defendant violated 15 U.S.C. § 1679d through its failure to provide the requisite statutory disclosure in the manner required by the CROA. Defendant further violated § 1679e through its failure to provide a notice of cancellation form to Plaintiff in its contract.

37. As a result of Defendant's deficient contract, the contract should be deemed void and unenforceable. 15 U.S.C. § 1679f(c).

### e. Violation of CROA § 1679f(b)

38. The CROA, pursuant to 15 U.S.C. § 1679f(b) provides that, "[a]ny attempt by any person to obtain a waiver from any consumer of any protection provided by or any right of the consumer under [the CROA] shall be treated as a violation of [the CROA]."

39. Defendant violated 15 U.S.C. § 1679f(b) through its attempt to obtain Plaintiff's waiver of the protections afforded him under the CROA. Defendant's contract attempts to get consumers to acknowledge the receipt of statutorily required disclosures which were never provided. Defendant's contract further attempts to waive the protection for consumers against credit repair organizations charging before the full completion of services, as it attempts to get consumers to agree that

Defendant's fees are "earned" upon payment by Plaintiff, rather than when they fully complete the services agreed to perform, as required by the CROA.

40. The CROA further dictates that any contract found not to be in compliance with the CROA "shall be treated as void" and "may not be enforced by any Federal or State court or any other person." 15 U.S.C. § 1679f(c).

WHEREFORE, Plaintiff, JOHNNY W. RIZO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE CALIFORNIA CREDIT SERVICES ORGANIZATION ACT OF 1984

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. Plaintiff is a "buyer" as defined by Cal. Civ. Code § 1789.12(c).

43. Defendant is a "credit services organization" as defined by Cal. Civ. Code § 1789.12(a).

### a. Violation of CCSOA § 1789.13

44. The CCSOA, pursuant to Cal. Civ. Code § 1789.13, provides a list of prohibited conduct for credit services organizations.

45. Pursuant to § 1789.13(a), a credit services organization cannot "charge or receive any money or other valuable consideration prior to full and complete performance of the services the credit services organization has agreed to perform for or on behalf of the buyer."

46. Defendant violated § 1789.13(a) when it charged and received money from Plaintiff without fully completing the services. As alluded to *supra.,* Defendant improperly retained Plaintiff's payments without first fully performing the services justifying such retained payments.

47. Pursuant to § 1789.13(g), credit services organization cannot "[m]ake or use untrue or misleading representations in the offer or sale of the services of a credit services organization." Similarly, pursuant to § 1789.13(h), a credit services organization cannot "[e]ngage, directly or indirectly, in an act, practice, or course of business that operates or would operate as a fraud or deception upon a person in connection with the offer or sale of the services of a credit service organization."

48. Defendant violated §§ 1789.13(g)&(h) through its deceptive and misleading representations regarding the nature and efficacy of its services, as discussed *supra*.

### b. Violations of CCSOA §§ 1789.14-1789.15

49. The CCSOA, pursuant to Cal. Civ. Code § 1789.15, provides the extent of information that must be provided to a buyer by a credit services organization under § 1789.14.

50. Defendant violated these provisions of the CCSOA by failing to provide Plaintiff such disclosures and similarly failing to provide Plaintiff a copy of the disclosures.

### c. Violations of CCSOA § 1789.16

51. The CCSOA, much like the CROA, requires credit services organizations to include a conspicuous statement regarding a consumer's right to cancel a contract, and also provide a duplicate "Notice of Cancellation" form. *See* Cal. Civ. Code §§ 1789.16(a)(1), (b).

52. Defendant violated §§ 1789.16(a)(1) and (b) by failing to provide the required disclosure in the manner required by California law, and further by failing to provide a separate notice of cancellation form.

WHEREFORE, Plaintiff, JOHNNY W. RIZO, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Cal. Civ. Code § 1789.21(a);

c. Awarding Plaintiff punitive damages pursuant to Cal. Civ. Code § 1789.21(a);

d. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Cal. Civ. Code § 1789.21(a); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 31, 2022                    Respectfully submitted,

/s/Bobby C. Walker
Bobby C. Walker, Esq.
California Bar No. 321788
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
bwalker@sulaimanlaw.com