UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHNNY W. RIZO,** | NO. **2:22–CV–01959–DAD–DB** |
| Plaintiff, | <u>STANDING ORDER IN CIVIL CASES</u> |
| v. | |
| **THE LITIGATION PRACTICE GROUP, PC,** | |
| Defendant. | |

I.   <u>LAW AND MOTION</u>

   A.   <u>Calendar</u>

The civil law and motion calendar for District Judge Drozd is held on the first and third Tuesday of every month commencing at 1:30 p.m., with hearings held by Zoom only. Parties will receive a Zoom ID number and password for the hearing by email from Judge Drozd's Courtroom Deputy Pete Buzo (PBuzo@caed.uscourts.gov). Any other interested parties or members of the public may access the hearing telephonically by dialing 888–557–8511 and using access code 9683466, at the time of the hearing. Because several matters may be set for hearing on the same afternoon, the parties will be notified in advance of the hearing at what specific time the court anticipates calling their case so they can join the Zoom at that time.

All motions shall be noticed for hearing. It is not necessary to clear a date prior to scheduling a civil law and motion matter for hearing. The parties may indicate in their papers if they wish to

submit any motion for decision without oral argument. The court may elect to submit any motion for decision without oral argument, taking the matter under submission pursuant to Local Rule 230(g), and will so advise the parties by minute order in advance of any noticed hearing date. The parties are required to comply with Local Rule 230, or other applicable rules and notice requirements with respect to motions.

B. <u>Briefing</u>

All briefs must be submitted using Times New Roman font of no less than 12pt size. Footnotes must be no more than one size smaller than the text size.

Unless prior leave of court is obtained, all moving and opposition briefs or legal memorandum in civil cases shall not exceed 25 pages. Reply briefs filed by moving parties shall not exceed 15 pages. Only for good cause shown will the court grant an application to extend these page limitations. Briefs that exceed the page limitations or are sought to be filed without leave of court may not be considered. Finally, no supplemental briefs shall be filed without prior leave of court.

C. <u>Meet and Confer Requirement</u>

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution. Counsel should resolve minor procedural or other non-substantive matters during the meet and confer process so that briefing on motions that proceed to hearing is directed only to those substantive issues requiring resolution by the court. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a very brief summary of meet and confer efforts.**

D. <u>Tentative Rulings</u>

Judge Drozd does not issue tentative rulings.

E. <u>Proposed Orders</u>

The parties are not required to submit proposed orders with civil motions set for hearing before Judge Drozd, with the exception that proposed orders shall be submitted with motions for a temporary restraining order and motions for a preliminary injunction. In addition, parties shall provide proposed consent decrees where applicable, and proposed findings of fact and conclusions of law following

a bench trial. Any such required proposed order shall be submitted in compliance with Local Rule 137(b) and emailed in Microsoft Word format to dadorders@caed.uscourts.gov.

### F. Courtesy Copies

Counsel shall have delivered to the Clerk's Office clearly marked conformed courtesy copies of all manually filed documents and courtesy copies of all electronically filed documents that exceed twenty-five (25) pages (including exhibits and attachments), bearing the ECF date/page stamp at the top of the page, by either personally delivering them or sending them by guaranteed overnight delivery. *See* Local Rule 133(f). The parties need not provide courtesy copies of answers or shorter pleadings. If a courtesy copy is sent by guaranteed overnight delivery, the sender shall notify the delivery service that the signature of the recipient is not required.

### G. TROs and Injunctions

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 231. The court typically will not rule on any application for such relief for at least twenty-four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy copy with chambers of all papers relating to proposed TROs and injunctions, conformed to reflect that they have been filed.

## II. TRANSCRIPTS

If you wish to order a transcript, please contact the Court Reporter who covered the hearing or trial directly. Contact information for individual court reporters can be found on the U.S. District Court for the Eastern District of California's website.

## III. *EX PARTE* APPLICATIONS

*Ex parte* applications typically are not heard but are submitted by the court unless otherwise notified. The filer is required to contact the courtroom deputy and the opposing party prior to the filing of the *ex parte* application in order to advise that such request is being made. In addition, the document(s) must indicate whether or not an opposition will be filed. The filer shall include an affidavit indicating a satisfactory explanation for the following: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel

/////

or parties in the action, and (3) why such request cannot be noticed on the court's motion calendar as provided by Local Rule 230.

IV. <u>MOTIONS FOR ADMINISTRATIVE RELIEF</u>

The parties are required to comply with Local Rule 233 when filing miscellaneous administrative matters. As stated in that rule, such matters may include "motions to exceed applicable page limitations; requests to shorten time on a motion; requests to extend a response deadline; requests to alter a briefing schedule; or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pre-trial conference." *See* L.R. 233. Parties shall comply will all procedural requirements set forth in Local Rule 233, including that a motion for administrative relief be accompanied by a proposed order. L.R. 233(a).

V. <u>SEALING, REDACTING, AND PROTECTIVE ORDERS</u>

No document will be sealed, nor shall a redacted be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Drozd, the request to seal or redact should be directed to him and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction).

**Protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.** If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing or redacting, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

Pursuant to Local Rule 141, a Notice of Request to Seal Document(s) must be filed electronically. The Request to Seal, a proposed sealing order (in Word), and all documents covered by the request must be emailed to dadorders@caed.uscourts.gov. If the request is approved and notice of electronic filing of the sealing order is received, all documents covered by the order must be emailed to ApprovedSealed@caed.uscourts.gov for filing under seal.

/////

/////

VI. ELECTRONIC FILING

The United States District Court for the Eastern District of California requires electronic filing of documents in all new and pending civil cases in which parties are represented by counsel. A party proceeding without counsel may request authorization to file electronically. Information about the court's Electronic Case Filing system ("ECF") is available on the court's website at www.caed.uscourts.gov/cmecf. *See* also Local Rule 133.

VII. TRIAL

    A. Pretrial Statements and Final Pretrial Conference

In those cases in which Judge Drozd is conducting the Final Pretrial Conference, the parties are required to submit a Joint Pretrial Statement pursuant to Local Rule 281. The parties' Joint Pretrial Statement must be filed seven days before the date set for the Final Pretrial Conference and must also be e-mailed as a Word document to: dadorders@caed.uscourts.gov. **Separate pretrial statements are not permitted unless a party is not represented by counsel.**

The Joint Pretrial statement must cover all topics detailed in Local Rule 281 with the following clarifications:

    i. the parties must include a neutral joint statement of case;

    ii. all duplicative or overlapping exhibits between parties must be listed as joint exhibits on a separate joint exhibit list, identified as JX–1, JX–2, etc.

    iii. plaintiff's exhibits shall be listed numerically, and defendant's exhibits shall be listed alphabetically;

    iv. all exhibits must be identified with a reasonable amount of detail (e.g., date, Bates-stamp number, description, estimated page length) so that there is no confusion as to what exhibit is identified;

    v. all remaining issues (e.g., claims, affirmative defenses, forms of relief) asserted in the action must be stated under the points of law section or identified as an abandoned issue; and

    vi. motions *in limine* listed should be limited to those which the parties reasonably anticipate filing.

/////

/////

The parties shall not file motions in limine prior to the pretrial conference. Following the pretrial conference, the court will issue a pretrial order that will set dates for the filing of motions *in limine,* the submission of exhibits, and other trial-related documents/deadlines.

### B. Trial Schedule and Courtroom

Trials will be conducted in Courtroom 4 on the 15th floor. Trials will begin on Mondays at 9:00 a.m. If Monday falls on a federal holiday, then trial will begin on Wednesday at 9:00 a.m. Trials will be held on Mondays, Wednesdays, Thursdays, and Fridays.

To bring large physical items, demonstrative exhibits, or electronic equipment, etc., to the courtroom, counsel must make arrangements with the Courtroom Deputy, who will contact Court Security for clearance to enter the building with the items.

Conference rooms are available on either side of the courtroom (out in the hallway) for use during trial.

### C. Audio and Video Equipment

The Courtroom has a variety of audio/visual equipment available to use for trial purposes. Available equipment includes: ELMOs, projectors, plasma screens, microphones, assisted listening devices and laptop connections. Attorneys should arrange through the Courtroom Deputy a time to meet with court Information Technology staff for training on electronic equipment prior to trial.

## VII. NOTICE OF THIS ORDER

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties.

DATED: October 31, 2022

**DALE A. DROZD**
U.S. DISTRICT COURT JUDGE